IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KUTMAN SABIROV,

                    Petitioner,

        vs.

BILL BRUEGGEMANN, Sheriff, Cass County, Nebraska; DAVID EASTERWOOD, Acting Director, St. Paul Field Office Director for U.S. Immigration and Customs Enforcement; ACTING DIRECTOR TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; SECRETARY MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; and TODD BLANCHE, Acting Attorney General, United States Department of Justice;

                    Respondents.

**7:26CV5010**

**ORDER TO SHOW CAUSE**

This matter is before the Court on Petitioner Kutman Sabirov's petition for a writ of habeas corpus. (Filing No. 1).

Sabirov is a native and citizen of Kyrgyzstan. (Filing No. 1 at 3). In July 2023, he entered the United States on an M-1 nonimmigrant visa. (Filing No. 1 at 3). Sabirov's visa authorized him to remain here through July 2, 2024. (Filing No. 1 at 3). Sabirov filed an application for asylum with U.S. Citizenship and Immigration Services (USCIS) in January 2024 and later received work authorization. (Filing No. 1 at 4).

U.S. Immigration and Customs Enforcement (ICE) detained Sabirov in February 2026, asserting that he overstayed his visa. (Filing No. 1 at 4). Sabirov, "through counsel, filed a Motion

to Request Bond Redetermination before the Omaha Immigration Court." (Filing No. 1 at 5). An immigration judge denied his request to be released on bond because of "[f]light [r]isk [c]oncerns, [l]imited relief, limited time in the US, etc." (Filing No. 1-1).

In response, Sabirov seeks a writ of habeas corpus from this Court. He argues that requiring a noncitizen in an 8 U.S.C. § 1226(a) bond hearing to bear the burden of showing that they are not a danger to the community nor a flight risk violates the noncitizen's rights under the Due Process Clause. (Filing No. 1 at 2). Sabirov seeks an order directing "Respondents to immediately release him or, in the alternative, provide a constitutionally adequate bond hearing at which the Government bears its proper burden." (Filing No. 1 at 2).

The habeas statute provides that a court must grant the petition for a writ or order Respondents to "show cause why the writ should not be granted unless it appears from the application that [Sabirov] is not entitled" to relief. 28 U.S.C. § 2243. The order to show cause must be "directed to the person having custody of [Sabirov]." *Id.* The order must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* The person to whom the order is directed "shall make a return certifying the true cause of [Sabirov's] detention." *Id.*

Here, the Court will hear from the Respondents before determining whether Sabirov is entitled to any relief. Accordingly, the Court orders Sabirov to serve his petition and a copy of this Order on Respondents and file proof of service with the Court. Respondents shall then show cause why the writ should not be granted. After Sabirov replies, the Court will set a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response beyond the three days ordinarily allowed under 28 U.S.C. § 2243.

Further, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Sabirov may not be removed from the United States or the District of Nebraska until further order of this Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits). Accordingly,

**IT IS ORDERED:**

1. Petitioner Kutman Sabirov shall serve his petition for a writ of habeas corpus (Filing No. 1) and a copy of this order on Respondents as soon as is practicable, and file proof of such service with the Court.

2. Respondents shall, within three business days of being served, make a return certifying the true cause of Petitioner's detention and showing cause why the writ should not be granted.

3. Petitioner shall reply in support of his petition within three business days of the Respondents' return.

4. The Court will then set a prompt hearing on this matter.

5. Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

Dated this 9th day of April, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

3