IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| KUTMAN SABIROV,<br><br>　　　　　　Petitioner,<br><br>　　vs.<br><br>DAVID EASTERWOOD, Acting Director, St. Paul Field Office Director for U.S. Immigration and Customs Enforcement; ACTING DIRECTOR TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; SECRETARY MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; and TODD BLANCHE, Acting Attorney General, United States Department of Justice;<br><br>　　　　　　Respondents. | **7:26CV5010**<br><br><br>**ORDER** |

This matter is before the Court on Petitioner Kutman Sabirov's petition for a writ of habeas corpus. (Filing No. 1). Upon initial review of the petition, the Court ordered Sabirov to serve the Respondents and directed the Respondents to show cause why Sabirov's petition should not be granted. (Filing No. 3). In response, Respondents seek dismissal of the petition for lack of jurisdiction "because Petitioner is in the immediate physical custody of the State of Nebraska but the state has not been named as a party in this action." (Filing No. 13 at 1).[1] Sabirov argues Acting Director Easterwood is the proper respondent and asserts even if there were a jurisdictional defect, it could be cured by amending the petition. (Filing No. 17).

The federal habeas statute "straightforwardly provides that the proper respondent to a habeas petition is the person who has custody over the petitioner." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (citation modified) (citing 28 U.S.C. § 2242); *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). "The consistent use of the definite article in reference to the custodian indicates that there is generally

---

[1] Respondents also addressed the merits of Sabirov's petition. (Filing No. 16).

only one proper respondent to a given prisoner's habeas petition." *Id.; see Vasquez v. Reno*, 233 F.3d 688, 693 (1st Cir. 2000) ("Section 2243 does not indicate that a petitioner may choose from among an array of colorable custodians"). In challenges to present physical confinement—or "core challenges"—"the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435.

The proper respondent requirement is jurisdictional. Under 28 U.S.C. § 2241(a), district courts may only grant "[w]rits of habeas corpus" "within their respective jurisdictions." *Id.* That language requires "nothing more than that the court issuing the writ have jurisdiction over the [petitioner's] custodian." *Padilla*, 542 U.S. at 442. Thus, "jurisdiction over [Sabirov's] habeas petition lies in the [District of Nebraska] only if it has jurisdiction over [his immediate physical custodian]." *Id.*

Here, the Court concludes it does not yet have jurisdiction over Sabirov's immediate physical custodian. Under *Padilla,* the proper respondent "is the warden of the facility where [Sabirov] is being held." 542 U.S. at 435. Sabirov is being held at the McCook Detention Center in McCook, Nebraska. (Filing No. 15 at 4). Sabirov's immediate custodian, then, is the warden of that facility. But Sabirov has not named the warden as a respondent. The Court therefore lacks jurisdiction over Sabirov's petition.

Of note, Sabirov initially named Cass County Sheriff Bill Brueggemann as a respondent. (Filing No. 1). When the petition was filed, Sabirov was held at the Cass County Jail, making Brueggemann his "immediate custodian." (Filing No. 1 at 3). Thus, when the Court entered its order to show cause, the jurisdictional requirement in § 2241 was satisfied. After Sabirov was transferred to the McCook Detention Center, he dismissed Brueggemann as a respondent. (Filing No. 5; Filing No. 10). But as set forth above, Sabirov has not named his new "immediate custodian"—the warden of the McCook Detention Center—as a respondent.

None of Sabirov's arguments to the contrary are persuasive. The respondents currently named—Acting Director Easterwood, Acting Director Lyons, Secretary Mullin, and Acting Attorney General Blanche—are all "remote supervisory official[s]." *Padilla,* 542 U.S. at 435. True, Acting Director Easterwood may be Sabirov's *legal* custodian because he has the "authority

2

to effectuate release," as Sabirov points out. (Filing No. 17 at 4). But "identification of the party exercising legal control only comes into play when there is no immediate physical custodian with respect to the challenged 'custody.'" *Id.* at 439. That is not the case here. Sabirov is held at the McCook Detention Center, so the warden of that facility is Sabirov's immediate *physical* custodian. None of the out-of-circuit authorities Sabirov relies on persuade the Court otherwise.

Further, Acting Director Easterwood oversees U.S. Immigration and Customs Enforcement's Enforcement and Removal Operations Office *in St. Paul, Minnesota.* (Filing No. 17 at 2). But the Supreme Court has made clear that "in habeas challenges to *present* physical confinement," the district of confinement "is synonymous with the district court that has territorial jurisdiction over the proper respondent." *Padilla,* 542 U.S. at 444 (emphasis in original). "By definition, the immediate custodian and the prisoner reside in the same district." *Id.* But Acting Director Easterwood and Sabirov do not reside in the same district. That is another reason he is not Sabirov's immediate custodian.

The Court agrees, however, that this jurisdictional defect can be cured. *See* 28 U.S.C. § 2242 (providing that a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."). To do that, Sabirov must name and serve the warden of the McCook Detention Center. After he does so, the parties shall meet and confer and then contact the Court when they are ready for the Court to set the matter for a hearing. Once the parties contact the Court and indicate that a hearing is still necessary, the Court will set a prompt hearing on the merits of this matter.

Accordingly,

3

**IT IS ORDERED:**

1. Respondents' motion to dismiss asserting lack of jurisdiction ([Filing No. 13](#)) is denied.[2]

2. Petitioner shall name and serve the warden of the McCook Detention Center as soon as practicable.

3. Once Petitioner does so, the parties shall meet and confer and contact the Court to advise whether the matter may be set for a hearing.

Dated this 10th day of June, 2026.

BY THE COURT:

_____
Susan M. Bazis
United States District Judge

---

[2] Respondents also argue 8 U.S.C. § 1226(e) bars the Court from exercising subject matter over Petitioner's claims. ([Filing No. 16 at 9](#)). The Court will address that issue, if necessary, in a future ruling.